## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANDREW R. PERRONG, individually and on behalf of others similarly situated<br><br>Plaintiff<br><br>vs.<br><br>5 F DIGITAL INC. d/b/a VACANT LAND EXPERTS<br><br>Defendant. | Case No.<br><br>JURY TRIAL DEMANDED |

## **CLASS ACTION COMPLAINT**

### **Preliminary Statement**

1. Plaintiff Andrew R. Perrong ("Plaintiff"), brings this action under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, a federal statute enacted in response to widespread public outrage about the proliferation of intrusive, nuisance calling practices. *See Mims v. Arrow Fin. Servs.*, *LLC,* 132 S. Ct. 740, 745 (2012).

2. Mr. Perrong alleges that 5 F Digital Inc. d/b/a Vacant Land Experts ("Vacant Land Experts") sent pre-recorded telemarketing calls to the Plaintiff and putative class members in order to generate business.

3. The Plaintiff never consented to receive such calls, which were placed to him for telemarketing purposes. Because telemarketing companies generally place calls to hundreds of thousands or even millions of recipients *en masse*, the Plaintiff brings this action on behalf of a proposed nationwide class of other persons who received illegal automated calls from or on behalf of Defendant.

1

4.      A class action is the best means of obtaining redress for the Defendant's wide scale illegal calling and is consistent both with the private right of action afforded by the TCPA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

## Parties

5.      Plaintiff Andrew R. Perrong is a Pennsylvania resident, and a resident of this District.

6.      Defendant 5 F Digital Inc. d/b/a Vacant Land Experts is a Florida corporation.

## Jurisdiction & Venue

7.      The Court has federal question subject matter jurisdiction over these TCPA claims. *Mims v. Arrow Fin. Services, LLC*, 132 S. Ct. 740 (2012).

8.      Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this District, as the automated call to the Plaintiff was placed into this District.

## The Telephone Consumer Protection Act

9.      In 1991, Congress enacted the TCPA to regulate the explosive growth of the automated calling industry. In so doing, Congress recognized that "[u]nrestricted telemarketing . . . can be an intrusive invasion of privacy [.]" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

<u>The TCPA Prohibits all Automated Calls To Protected Numbers</u>

10.     The TCPA makes it unlawful "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice . . . to any telephone number assigned to a . . . paging service, cellular telephone service, specialized mobile radio

service, or other radio common carrier service, or any service for which the called party is charged for the call." *See* 47 U.S.C. § 227(b)(1)(A)(iii).

11. Congress singled out these services for special protection either because Congress realized their special importance in terms of consumer privacy and therefore protected them (as in the case of cellular phones), or because the numbers are assigned to services, like Mr. Perrong's VoIP service, for which the called party is charged, thus shifting the cost of automated or prerecorded telephone calls onto consumers. *See Barr v. Am. Ass'n of Pol. Consultants, Inc*, 140 S. Ct. 2335, 2363, (2020) (Gorsuch, J. & Thomas, J., concurring in part and dissenting in part).

12. According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live calls, and such calls can be costly and inconvenient.

13. The TCPA provides a private cause of action to persons who receive calls in violation of 47 U.S.C. § 227(b)(1)(A).  *See* 47 U.S.C. § 227(b)(3).

14. This cause of action applies to users of any one of the four protected services (pager, cellular, specialized mobile radio [i.e. radiotelephony locator beacons or dispatch systems], or another radio common carrier service [i.e. ship-to-shore or air-to-ground]), or any service, including residential, VoIP, and landline services, for which the called party is charged for the call. *See Lynn v. Monarch Recovery Mgmt., Inc.*, 953 F. Supp. 2d 612, 623 (D. Md. 2013).

15. "Non-emergency prerecorded voice or autodialed calls to [the destinations enumerated in 47 U.S.C. § 227(b)(1)(A)] are permissible only with the prior express consent of the called party." This includes telemarketing calls. *See* FCC Enforcement Advisory: *Tel. Consumer Prot. Act Robocall & Text Rules - Biennial Reminder for Pol. Campaigns About Robocall & Text Abuse*, 31 FCC Rcd. 1940, 1941 n.6 (2016) [hereinafter FCC Advisory].

## Factual Allegations

16. Vacant Land Experts is a telemarketer that places automated, prerecorded calls for the purpose of soliciting clients to advertise vacant land on their website.

17. Vacant Land Experts charges a $195 setup fee and $99 a month to advertise land on its website.

18. To generate sales for its advertising services, Vacant Land Experts relies on automated calling.

19. One of the strategies used by Vacant Land Experts involves the use of pre-recorded calls.

The Calls to Mr. Perrong

20. Plaintiff Perrong is a "person" as defined by 47 U.S.C. § 153(39).

21. Plaintiff's telephone number (the "Number"), 215-947-XXXX, is on the National Do Not Call Registry and has been continuously since 2005.

22. That is a residential telephone number of the Plaintiff used for personal calls.

23. That number is not associated with a business.

24. The Number is assigned to a Voice over Internet Protocol (VoIP) telephone service, which allows for voice calls to be placed over a broadband Internet connection.

25. That Number, which is assigned to a VoIP telephone service, is charged for each call it receives.

26. The VoIP telephone service for the Number is Anveo.

27. The services charges a ring charge of $0.005 for the provision of Caller ID Name lookup information for each call placed to the Number, even if the call is not answered.

28. The service also charges a per-minute charge of $0.004 per minute for voice charges for each minute of talk time, including voicemail time, for each call placed to the Number.

29. The Number is therefore "assigned to a . . . service for which the called party is charged for the call" and any call placed to that number are subject to the restrictions enumerated in 47 U.S.C. § 227(b)(1)(A)(iii).

30. Despite this, Vacant Land Experts placed a pre-recorded telemarketing call to the Plaintiff on May 27, 2022.

31. The pre-recorded message stated:

> Hi, this is The Land Experts. We're calling you about that vacant piece of property that you own. You know properties are fetching the highest prices we have seen in over a decade. If you're interested in getting top dollar for your vacant property, we are the company that can make it happen. So if you're interested in getting your land sold for the maximum amount of money, press one. If you would like to be removed from our list, simply press nine. Thank you. Congratulations. One of our agents is pulling your property information at this very moment, and they'll be giving you a call back within the next 20 minutes or so. We look forward to speaking with you and proving to you that we are the number one company in the business. Once again, thank you for your interest and a specialist will be contacting you momentarily. Have a great day.

32. The call was clearly pre-recorded because (a) it was sent with automated technology indicated by the pause prior to the message being played,(b) it used a singular

monotone voice, (c) it was a generic message not personalized for the recipient, (d) there was an option to press a button in response.

33. The Plaintiff then was called three times by the Defendant.

34. He spoke to the Defendant on a June 1, 2022 call.

35. During that call, the Defendant confirmed the solicitation purpose of the pre-recorded call.

36. The caller identified themselves as "Jessica" with Vacant Land Experts.

37. "Jessica" explained that the Defendant would charge $195 to list vacant land for the Plaintiff.

38. "Jessica" said that in exchange for that fee, the Defendant makes a portfolio, takes pictures, surveys, plot maps, and a title search so the property is ready to be sold.

39. The Plaintiff never provided his consent or requested the pre-recorded call.

40. The Plaintiff was charged $0.009 for the pre-recorded call.

41. Plaintiff was harmed by these calls. He was temporarily deprived of legitimate use of his phone because his phone line was tied up during the automated calls and his privacy was improperly invaded. The Plaintiff was charged for the calls. Moreover, these calls injured Plaintiff because they were frustrating, obnoxious, annoying, were a nuisance and disturbed the solitude of Plaintiff.

## Class Action Statement

42. As authorized by Rule 23(b)(2) and 23(b)(3) of the Federal Rules of Civil Procedure, Plaintiff brings this action on behalf of all other persons or entities similarly situated throughout the United States.

43. The Class of persons Plaintiff proposes to represent include:

**Robocall Class:** All persons within the United States to whom: (a) Defendant and/or a third party acting on their behalf, made one or more non-emergency telephone calls; (b) to their cellular telephone number or number that is charged per the call; (c) using an artificial or prerecorded voice; and (d) at any time in the period that begins four years before the date of the filing of this Complaint to trial.

44. Excluded from the Class are the Defendant, any entities in which the Defendant have a controlling interest, the Defendant' agents and employees, any Judge to whom this action is assigned, and any member of the Judge's staff and immediate family.

45. The proposed Class members are identifiable through phone records and phone number databases, which are with the Defendant or their agents.

46. The automated technology used to contact the Plaintiff is capable of contacting hundreds of thousands of people a day, and so the potential Class members number in the thousands, at least. Individual joinder of these persons is impracticable.

47. Plaintiff is a member of the Class.

48. There are questions of law and fact common to Plaintiff and to the proposed Class, including but not limited to the following:

    a. Whether the Defendant used a pre-recorded message to make the calls at issue;

    b. Whether the Defendant placed telemarketing calls without obtaining the recipients' valid prior express consent; and

    c. Whether the Defendant's violations of the TCPA were negligent, willful, or knowing;

49. Plaintiff's claims are based on the same facts and legal theories as the claims of all class members, and therefore are typical of the claims of class members, as the Plaintiff and

class members all received telephone calls through the same or similar dialing system and pre-recorded message.

50. Plaintiff is an adequate representative of the Class because his interests do not conflict with the interests of the Class, he will fairly and adequately protect the interests of the Class, and he is represented by counsel skilled and experienced in class actions, including TCPA class actions.

51. In fact, the Plaintiff has foregone a simpler path to recovery by filing this matter as a putative class action, as opposed to an individual claim, as he initially did.

52. The actions of the Defendant are generally applicable to the Class and to Plaintiff.

53. Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of the controversy. The only individual question concerns identification of class members, which will be ascertainable from records maintained by Defendant and/or their agents.

54. The likelihood that individual class members will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case, and given the small recoveries available through individual actions.

**Legal Claims**
**FIRST CAUSE OF ACTION**

**Telephone Consumer Protection Act**
**(Violations of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff and the Robocall Class)**

55. Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

56. The foregoing acts and omissions of Defendant and/or their affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple

violations of the TCPA, 47 U.S.C. § 227, by making calls, except for emergency purposes, to the telephone number of Plaintiff using an artificial or prerecorded voice.

57. As a result of Defendant's and/or their affiliates, agents, and/or other persons or entities acting on Defendant' behalf violations of the TCPA, 47 U.S.C. § 227, Plaintiff is entitled to an award of $500 in damages for each and every call made to his telephone number for which he is charged for the call using an artificial or prerecorded voice in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

58. Plaintiff is also entitled to and does seek injunctive relief prohibiting Defendant and/or their affiliates, agents, and/or other persons or entities acting on Defendant' behalf from violating the TCPA, 47 U.S.C. § 227, by making calls, except for emergency purposes, to any number using an artificial or prerecorded voice in the future.

59. The Defendant's violations were willful and/or knowing.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

A. Certification of the proposed Class;

B. Appointment of Plaintiff as a representative of the Class;

C. Appointment of the undersigned counsel as counsel for the Class;

D. A declaration that Defendant and/or their affiliates, agents, and/or other related entities' actions complained of herein violate the TCPA;

E. Plaintiff and members of the Class are also entitled to and do seek injunctive relief prohibiting Defendant and/or their affiliates, agents, and/or other persons or entities acting

on Defendant' behalf from making calls, except for emergency purposes, from using pre-recorded messages to make calls;

    F.    An award to Plaintiff and the Class of damages, as allowed by law; and

    G.    Orders granting such other and further relief as the Court deems necessary, just, and proper.

ANDREW PERRONG,
By his attorney

Dated: June 2, 2022

*/s/ Jeremy C. Jackson*
Jeremy C. Jackson (PA Bar No. 321557)
BOWER LAW ASSOCIATES, PLLC
403 S. Allen St., Suite 210
State College, PA 16801
Tel.: 814-234-2626
jjackson@bower-law.com

Anthony I. Paronich (subject to *pro hac vice*)
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
[o] (617) 485-0018
[f] (508) 318-8100
anthony@paronichlaw.com